UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>B. BROWNEN, et al.,<br><br>    Defendants. | No. 2:22-cv-01707 KJM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on September 27, 2022 (ECF No. 1), is before the court for screening. Plaintiff has also requested appointment of counsel. (ECF No. 3.)

Liberally construed, the complaint states a claim against defendant Brownen under the First Amendment and a claim against defendant Rangel under the Fourteenth Amendment. No other claims are cognizable as pleaded. Within 30 days, plaintiff must inform the court how he chooses to proceed.

**I.      In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

1

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

On July 10, 2021, defendant Brownen and co-workers conducted a body search of plaintiff and did not find any contraband. Plaintiff requested that Brownen document the search results which caused Brownen to become upset. Brownen then used plaintiff's work equipment as a false basis for an illegal cell search without probable cause. The search of plaintiff's cell did not yield contraband. Brownen then searched the third tier shower and found contraband belonging to

2

1 another inmate which he falsely documented as having been found in plaintiff's cell. Brownen

2 falsified a Rules Violation Report ("RVR") to punish plaintiff.

3 Plaintiff appealed the violation and was subsequently targeted by defendant Rangel, who

4 found plaintiff guilty of the violation despite having knowledge and evidence of staff misconduct.

5 During the hearing, plaintiff informed Rangel about Brownen's misconduct and that the owner of

6 the contraband had taken responsibility in a sworn declaration. Rangel ignored plaintiff, denied

7 his request to call a witness, and found plaintiff guilty based on evidence he knew to be false. The

8 RVR result affected plaintiff's privileges, programming, and credit.

9 **IV.    Screening of the Complaint**

10 **A.  General Legal Standards for Claims under 42 U.S.C. § 1983**

11 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a

12 constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48

13 (1988). An individual defendant is not liable for a civil rights violation unless the facts establish

14 that the defendant's personal involvement in some constitutional deprivation or a causal

15 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

16 See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d

17 628, 633 (9th Cir. 1988); Monell v. Department of Social Services, 436 U.S. 658 (1978). "A

18 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

19 [S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to

20 perform an act which she is legally required to do that causes the deprivation of which complaint

21 is made." Johnson, 588 F.2d at 743.

22 **B.  First Amendment**

23 The filing of a false report by a prison official against a prisoner is not, by itself, a

24 violation of the prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd

25 Cir. 1986) (the filing of a false disciplinary charge against a prisoner is not actionable under §

26 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan

27 v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same); Harper v. Costa, No. CIV S–07–2149

28 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. Appx. 488

(9th Cir. 2010) ("district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983"). Nevertheless, a prisoner may state a claim under the First Amendment by plausibly alleging a false disciplinary report was filed because of the plaintiff's exercise of a constitutional right. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997).

A First Amendment retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). First, the plaintiff must allege that he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege that the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted).[1] Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).[2]

Here, defendant Brownen allegedly issued plaintiff a false disciplinary report because of plaintiff's request that Brownen document the results of plaintiff's body search, which upset Brownen. Not every verbal exchange between a prison employee and a prisoner rises to the level of protected speech under the First Amendment. See Carl v. Griffin, No. 08-CV-4981 (RMB/MHD), 2011 WL 723553, at *5 (S.D.N.Y. Mar. 2, 2011). Here, though, the court can reasonably infer for screening purposes that plaintiff was plaintiff was engaged in the exercise of protected speech regarding the issue of the requested search receipt. See Ahmed v. Ringler, No.

---

[1] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Rhodes, 408 F.3d at 568 n.11.

[2] A plaintiff successfully pleads a lack of valid penological purpose by alleging facts showing that, in addition to a retaliatory motive, the defendant's actions were arbitrary and capricious or unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

4

2:13-cv-1050 MCE DAD, 2015 WL 502855, at *4 (E.D. Cal. Feb. 5, 2015) (finding prisoner's verbal complaint about the search and seizure of his property constituted protected conduct under the First Amendment for purposes of a retaliation claim), report and recommendation adopted, No. 2:13-cv-1050 MCE DAD, 2015 WL 1119675 (E.D. Cal. Mar. 11, 2015). Plaintiff states a First Amendment retaliation claim against defendant Brownen.

However, the complaint does not plead facts from which the court can infer that defendant Rangel took an adverse action that was motivated by plaintiff's protected conduct. No contextual facts support an inference that defendant Rangel found plaintiff guilty of the rules violation because of plaintiff's request for a search receipt or his use of the appeals process. The Ninth Circuit has cautioned against retaliation claims based on the logical fallacy of post hoc, ergo propter hoc - "after this, therefore because of this." See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000). "[M]ere speculation that [a defendant] acted out of retaliation is not sufficient." Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014); see Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to plead facts to state a claim). Plaintiff does not state a First Amendment retaliation claim against defendant Brownen.

### C. Fourteenth Amendment Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). For prison disciplinary proceedings that include the loss of good-time credits, an inmate is entitled to (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564, (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff alleges he informed Rangel the owner of the contraband had taken responsibility in a sworn declaration, but defendant Rangel denied plaintiff's request to call a witness. In alleging the RVR affected his credit, plaintiff adequately alleged he lost time credits as a result of the guilty finding. No facts alleged indicate that allowing plaintiff's witness would have been "unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. Liberally construing the complaint, for screening purposes, plaintiff states a Fourteenth Amendment due process claim against defendant Rangel under the Fourteenth Amendment for the alleged denial of the right to call witnesses.

### D.  Other Non-Cognizable Claims

Plaintiff alleges defendant Brownen conducted a "falsified probable cause… illegal search." (ECF No. 1 at 4.) However, the Fourth Amendment prohibition against unreasonable searches does not apply in prison cells. Hudson v. Palmer, 468 U.S. 517, 530 (1984). Prisoners have no legitimate expectation of privacy in their cells. Id.

The complaint also references the Sixth Amendment, but the Sixth Amendment pertains to criminal prosecutions. See U.S. Const. amend. VI. Plaintiff cannot state a claim under the Sixth Amendment.

### V.     Appointment of Counsel

Plaintiff has requested appointment of counsel. (ECF No. 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

### VI.   Conclusion and Order

Liberally construed, the complaint states the following claims: (1) retaliation in violation of the First Amendment by defendant Brownen; (2) Fourteenth Amendment due process violation by defendant Rangel. No other claims are cognizable as pleaded. Plaintiff is granted leave to amend.

If plaintiff elects to amend his complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In the alternative, if plaintiff wishes to proceed on the complaint, as screened, with his cognizable claims, he shall so notify the court. Following receipt of such a notice, the court will order service of defendants Brownen and Rangel.

In the further alternative, plaintiff may elect to forego amendment and notify the court that he wishes to stand on his original complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If this option is chosen, the undersigned will issue findings and recommendations to dismiss the non-cognizable claims without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a district judge.

### VII.   Order

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
3. Plaintiff's request for the appointment of counsel (ECF No. 3) is DENIED;

////

7

    4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

    5. 4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

        a. A first amended complaint;

        b. A notice of election to proceed with the complaint as screened;

        c. A notice of election to stand on the complaint as it was filed; or

        d. A notice of voluntary dismissal.

    5. Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  April 7, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
jone1707.scrn