1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARCELL JONES,                              No.  2:22-cv-01707 DC SCR P

12                   Plaintiff,

13         v.                                     ORDER AND PROTECTIVE ORDER

14    B. BROWNEN, et al.,

15                   Defendants.

16

17

18         Plaintiff is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. §

19    1983.  Before the court is plaintiff's motion to compel production of documents.  (ECF No. 41.)

20    For the reasons described below, plaintiff's motion is denied without prejudice.

21                          **PLAINTIFF'S MOTION TO COMPEL**

22    **I.      Background**

23         Plaintiff's complaint alleges that defendant Brownen falsely documented another inmate's

24    contraband as being found in plaintiff's cell.  (ECF No. 1.)  During the ensuing disciplinary

25    hearing, plaintiff alleges that defendant Rangel ignored plaintiff's evidence and would not let him

26    call witnesses.  (Id.)  Defendant Rangel found plaintiff guilty, which affected plaintiff's

27    privileges, programming, and credit.  (Id.)  In the screening order dated April 10, 2023, the

28    previously assigned magistrate judge determined that plaintiff's complaint stated a cognizable

                                              1

1   First Amendment retaliation claim against defendant Brownen and a cognizable Fourteenth

2   Amendment Due Process claim against defendant Rangel.  (ECF No. 11.)

3       On November 8, 2024, the undersigned granted plaintiff's motion to modify the discovery

4   and scheduling order and set a discovery deadline of January 7, 2025, and a dispositive motion

5   deadline of March 8, 2025.  (ECF No. 40.)  Sometime after the order modifying the discovery and

6   scheduling order, plaintiff propounded a single request for production ("RFP") on defendants:

7       Plaintiff hereby request [sic] the production of documents filed against Defendant's for,
        but not limited to; abuse of authority, misconduct, racism, out of bounds, over familiar,
8       conduct unbecoming, so on and so forth. All documentation concerning infractions,
        alleged and or proved to be true.
9

10  (ECF No. 42 at 2.)  Defendants responded to plaintiff's RFP on December 23, 2024.  (Declaration

11  of Alexandra Faura ("Faura Decl.") ¶ 2, ECF No. 42-1 at 1.)  Defendants raised myriad objections

12  but appear to have produced two responsive grievance documents (twelve pages total): (1) CDCR

13  602-1 Grievance Log No. 138859; and (2) CDCR 602-2 Appeal of Grievance Log No. 138859.

14  (Faura Decl., Exh. 1, ECF No. 42-1 at 6.)

15      Plaintiff filed the instant motion to compel production of documents on January 21, 2025.

16  (ECF No. 41.)  Plaintiff alleges that defendants have failed to produce the requested documents,

17  which are "critical to establishing a pattern of misconduct by both defendants."  (Id. at 1-2.)

18  Defendants submitted an opposition on February 11, 2025, arguing that plaintiff's RFP is

19  overbroad as to time and scope, not relevant to any party's claims or defenses, and

20  disproportionate to the needs of the case, among other objections.  (See id.)  Plaintiff did not

21  reply.  On March 7, 2025, the undersigned granted defendants' request (ECF No. 43) to stay the

22  dispositive motion deadline pending resolution of plaintiff's motion to compel.  (ECF No. 44.)

23      **II.    Legal Standard**

24      Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

25  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

26  37(a)(3)(B).  Such motion may be made if "a party fails to produce documents or fails to respond

27  that inspection will be permitted – or fails to permit inspection – as required under Rule 34."  Fed.

28  R. Civ. P. 37(a)(3)(B)(iv).  "District courts have 'broad discretion to manage discovery and to

control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution this action. <u>McCoy v. Ramirez</u>, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

### III.    Discussion

Plaintiff has failed to meet the initial burden required on a motion to compel. Plaintiff's motion does not identify the discovery request subject to the motion or which responses are disputed. Nor does the motion explain why the two grievances that defendants did produce are deficient or why defendants' objections are not justified. Further, plaintiff's motion contains several procedural deficiencies. Plaintiff failed to certify that he attempted to confer with defendants' counsel prior to filing his motion as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 251(b) and filed the motion after the discovery cut-off date in violation of the court's discovery and scheduling orders. (<u>See</u> ECF No. 33 at 5, ¶ 6; ECF No. 40 at 2.)

For these reasons, plaintiff's motion to compel is denied without prejudice. Because the dispositive motion deadline is stayed (<u>see</u> ECF No. 44), the court will grant plaintiff an opportunity to fix the issues with the motion to compel. <u>See</u> <u>Lopez v. Chertoff</u>, No. cv-07-1566 LEW, 2009 WL 1575214, at *1 (E.D. Cal. June 2, 2009) (exercising discretion to hear motion to compel filed after discovery cut-off where "there are no dispositive motions pending"). Plaintiff shall have thirty (30) days from the date of service of this order to file a motion to compel that

1 complies with the requirements laid out above. The discovery deadline will be extended solely to

2 allow plaintiff to file the motion. The dispositive motion deadline shall remain stayed. Plaintiff

3 is advised that a failure to file a renewed motion to compel will result in an order closing

4 discovery and setting a dispositive motion deadline.

5       Without ruling on defendants' substantive objections, the court advises defendants that

6 future requests for in camera review pursuant to official information privilege (OIP)[1] must be

7 supported by a declaration from a responsible official with personal knowledge of the

8 governmental or privacy issues that would be threatened by disclosure. See Soto v. City of

9 Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly v. City of San Jose, 114 F.R.D.

10 653, 661 (N.D. Cal. 1987)). A court's duty to balance the parties' interests in disclosure of

11 official information is not triggered until the party opposing disclosure makes such a "substantial

12 threshold showing." (Id.)

13 **CONCLUSION**

14       Accordingly, IT IS HEREBY ORDERED:

15     1.    Plaintiff's motion to compel (ECF No. 41) is denied without prejudice.

16     2.    Plaintiff shall have thirty (30) days from the service of this order to file a renewed

17 motion to compel as outlined above. The discovery deadline shall be extended solely for this

18 purpose.

19     3.    Plaintiff is advised that a failure to file a renewed motion to compel will result in

20 an order closing discovery and setting a dispositive motion deadline.

21 DATED: March 18, 2025

22

23

24                SEAN C. RIORDAN
               UNITED STATES MAGISTRATE JUDGE

25

26

27 ---

[1] Defendants' request for in camera review appears to invoke the OIP based on their citation to Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), a case that concerned

28 whether police personnel files were appropriately shielded under the OIP. (See id.)

4