UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES, | No. 2:22-cv-01707 DC SCR |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| B. BROWNEN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's renewed motion to compel. (ECF No. 48.) For the reasons set forth below, the court grants plaintiff's motion in part and grants defendants leave to file supplemental material to properly assert the official information privilege within thirty (30) days of this order.

## PROCEDURAL BACKGROUND

### I.     Plaintiff's Request for Production

This action is proceeding on plaintiff's complaint, which the previously assigned magistrate judge determined stated a cognizable First Amendment retaliation claim against defendant Brownen and a cognizable Fourteenth Amendment Due Process claim against defendant Rangel. (ECF No. 11.) On November 8, 2024, the undersigned granted Plaintiff's motion to modify the discovery and scheduling order and set a discovery deadline for January 7,

1

2025, and a dispositive motion deadline of March 8, 2025. (ECF No. 40.)

On September 18, 2024, Plaintiff propounded a single request for production ("RFP") (hereinafter "RFP No. 1") on defendants:

> Plaintiff hereby request[s] the production of documents filed against Defendant's for, but not limited to; abuse of authority, misconduct, racism, out of bounds, over familiar, conduct unbecoming, so on and so forth. All documentation concerning infractions, alleged and or proved to be true.

(Declaration of Alexandria Faura ("Faura Decl."), Exh. 1, ECF No. 49-1 at 5.) Defendants served their responses on December 23, 2024, and objected to RFP No. 1 on myriad grounds:

> This request is improperly directed at multiple defendants in violation of Federal Rule of Civil Procedure 34, which requires Plaintiff to direct his requests to an individual party. This request is overbroad as to subject matter and time; seeks the production of documents that are not relevant to any party's claim or defense; is unduly burdensome, expensive, and intrusive; and is not proportional to the needs of the case insofar as it seeks "[a]ll" documents. The request for "[a]ll" documents is unduly burdensome because it encompasses documents that are not searchable by employee name and therefore it would require CDCR staff to manually search through tens of thousands of inmate appeals to identify responsive documents. This request is vague and ambiguous as to the terms "abuse of authority," "misconduct," "out of bounds," "over familiar," "conduct unbecoming," requiring Defendants to speculate as to Plaintiff's intended meaning. This request is compound as written. This request is overly broad as to time and scope and seeks information that is not relevant to any party's claims or defenses. This request also impermissibly seeks documents relating to inadmissible propensity evidence and/or nondiscoverable collateral matters that are not related to the type of incident in this case. *See Gonzales v. City of Bakersfield*, No. 1:16-cv-00107 JLT, 2016 U.S. Dist. LEXIS 114315, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo*, No. 2:14-cv-01749 JAM (AC), 2016 U.S. Dist. LEXIS 25537, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints of non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Harbridge v. Yates*, No. 1:10-cv-00473 DAD-JLT (PC), 2015 U.S. Dist. LEXIS 1644, at *2 (E.D. Cal. Dec. 8, 2015 (request for discovery on demotion due to alleged sexual harassment has no relation to excessive force action). Additionally, evidence of complaints filed by other inmates is irrelevant to establish Defendants' liability. *See Reynoso v. Sayre*, No. 11-cv-4525 CW (PR), 2013 U.S. Dist. LEXIS 130782, at *21-22 (N.D. Cal. Sept. 11, 2013). This request seeks documents that are protected by the official information privilege for the safety and security of the institution, staff, and inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). This request seeks information that is "confidential" within the meaning of California Code of Regulations Title 15 section 3321, and therefore an inmate such as Plaintiff is prohibited from possessing the request information under the provisions of California Code of Regulations Title 15 section 3450(d). This request seeks confidential peace officer information within the meaning of California Penal Code section 832.7, California Evidence Code sections 1043 and 1045, California Government Code section 6254, and/or California Code of

Regulations, Title 15, section 3450. This request also seeks personnel records that are protected from disclosure by California Government Code section 6254 and California Code of Regulations, Title 15 section 3450(d). This request also seeks documents relating to other inmates for which disclosure is prohibited by California Code of Regulations, Title 15 and/or [CDCR's] Department Operations Manual, including but not limited to Cal. Code Regs. tit. 15, § 3370 and Department Operations Manual ch. 7.

(Id. at 5-6.)  Defendants produced two grievances in response, both of which were filed by plaintiff.  (Id. at 8-17.)

## II.     Plaintiff's First Motion to Compel

On January 21, 2025, plaintiff moved to compel responses to RFP No. 1.  (ECF No. 41.) He alleged defendants failed to produce the requested documents, which are "critical to establishing a pattern of misconduct by both defendants."  (Id. at 1-2.)  Defendants submitted an opposition on February 11, 2025, reiterating the above objections.  (ECF No. 42.)  Plaintiff did not reply.

The undersigned denied plaintiff's motion to compel without prejudice on March 18, 2025.  (ECF No. 45.)  In additional to being untimely, plaintiff's motion did not identify the discovery request at issue, or which responses were disputed.  Nor did plaintiff explain why the two documents that defendants produced were deficient or why defendants' objections were not justified.  (Id. at 3.)  However, because the dispositive motion deadline was stayed,[1] the undersigned granted plaintiff an opportunity to refile the motion and correct the deficiencies laid out in the order.  The discovery deadline was extended 30 days "solely to allow plaintiff to file the motion."  (Id. at 3-4.)

## III.    Plaintiff's Motion to Confer

Before filing a renewed motion to compel, plaintiff filed a "motion to confer" that included five RFPs:

1. Any and all grievances, staff complaints which involve retaliation of Incarcerated Persons by Defendant, B. Brownen;

2. Any and all grievances, staff complaints which involve abuse of authority involving Incarcerated Persons by Defendant B. Brownen;

---

[1] On March 7, 2025, the undersigned granted defendants' request (ECF No. 43) to stay the dispositive motion deadline pending resolution of plaintiff's motion to compel. (ECF No. 44.)

    3. Any and all allegations of issuing false rule violation reports to Incarcerate [sic] Persons;

    4. Any and all grievances, staff complaints which involve allegations of due process violations during rule violation hearings by Defendant, Rangel, such as but not limited to refusals to call witnesses, refusals to question witnesses, and refusals to allow Incarcerated Persons the right to present evidence in their behalf; and

    5. Any civil litigation file [sic] in any state or federal court regarding any of the above requested information by Incarcerated Persons which involved Defendants, B. Brownen, or Rangel.

(ECF No. 46.) The undersigned denied the motion and advised plaintiff to contact defense counsel directly to arrange the Rule 37 meet and confer. (ECF No. 47.) On April 23, 2025, defendants sent a response to plaintiff's motion to confer objecting to its five requests as untimely and declining to produce additional documents. (Faura Decl., Exh. 3, ECF No. 49-1 at 29-30.)

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### I. Plaintiff's Renewed Motion

On April 24, 2025, plaintiff filed his renewed motion to compel. (ECF No. 48.) The motion seeks an order compelling production not of RFP No. 1, but of the five RFPs plaintiff listed in his motion to confer. Plaintiff explains that the five RFPs "narrowed" original RFP No. 1. (ECF No. 48 at 2.) He further claims that defendants object to "each and every request" with boilerplate responses, and only produced two grievances that plaintiff filed and already has access to. (Id. at 2-3.) Plaintiff asserts that the five RFPs are "critical to establishing a pattern of misconduct by both defendants, which is further a legal requirement to prove punitive damages in this case." (Id. at 3.)

Defendants oppose plaintiff's motion to compel on several grounds. First, defendants argue that the court extended discovery solely to allow plaintiff to file a renewed motion to compel original RFP No. 1, not to serve additional discovery. Therefore, plaintiff's five new requests are untimely, and defendant is under no obligation to respond. (ECF No. 49 at 3-4.) Second, defendants again assert that the original RFP No. 1 is overbroad, vague, and seeks inadmissible character evidence. (Id. at 6-8.) However, if the court chooses to narrow the scope of plaintiff's RFP, defendants request leave to file supplemental material to properly assert the

4

official information privilege.  (Id. at 8-9.)  Plaintiff did not file a reply brief.

## II. Legal Standard

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Such motion may be made if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as required under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

## III. Discussion

### A. Timeliness and Scope of Plaintiff's Renewed Motion

The court first addresses defendants' argument that plaintiff's motion seeks to compel additional discovery that is untimely and beyond the scope of the court's order.  While the court's order did not permit plaintiff to serve new discovery, the court accepts plaintiff's explanation that the five RFPs in his motion to confer were good faith attempts to "narrow" original RFP No. 1.  The court finds plaintiff's attempts to narrow his request through a Rule 37 meet and confer particularly reasonable considering defendants' extensive objections to original RFP No. 1.

Further, liberally construing the renewed motion, it appears that plaintiff considered defendants' objections to the original RFP No. 1 and refined his requests accordingly. See Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (noting the Ninth Circuit has "held consistently that courts should construe liberally motion papers…filed by *pro se* inmates"). For example, in an apparent effort to address defendants' Rule 34 objection to RFP No. 1, plaintiff directed his requests at individual defendants. Moreover, the categories of documents sought in the five RFPs are more specific and narrower than the request for "all documents" in original RFP No. 1. (See ECF No. 46.)

"[T]he court is vested with broad discretion to manage discovery, and plaintiff is entitled to some reasonable leniency as a pro se litigant. Therefore, to the extent possible, the court endeavors to resolve plaintiff's motion to compel on its merits." Dykes v. Arreguin, No. 2:20-cv-CV-3722 MEM FS P, 2022 WL 18213891, at *2 (C.D. Cal. Nov. 16, 2022) (citations omitted). The undersigned declines defendants' call to reject the five RFPs as untimely and rule only on the original, timely RFP No. 1, and construes plaintiff's renewed motion as properly seeking an order compelling production of the five RFPs.

### B. Defendants' Objections and Official Information Privilege

The undersigned notes that in their opposition, defendants largely refuse to engage with the five RFPs and only specifically object to plaintiff's second request for grievances and staff complaints concerning "abuse of authority." (See ECF No. 49-1 at 30-31.) Therefore, before turning to the merits of plaintiff's five requests, the court finds it appropriate to grant defendants leave to consider and respond to the five RFPs.

In the event the court were to narrow or clarify the scope of plaintiff's RFPs—as it has now done—defendants sought "leave to file supplemental material to properly assert the official information privilege." (ECF No. 49 at 8.) Generally, the party asserting the official information privilege must "furnish a declaration…*at the time it files and serves its responses to the discovery requests*." Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (emphasis added). However, the court agrees with defendants that plaintiff's RFP No. 1 was not "sufficiently particular" to allow defendants to determine what documents plaintiff was seeking or if they were

subject to the official information privilege. (ECF No. 49 at 8-9.) Therefore, the court will not construe defendants' failure to produce a declaration as a waiver of the official information privilege. See Perez v. United States, No. 13-cv-1417 WQH BGS, 2016 WL 499025, at *3 (S.D. Cal. Feb. 9, 2016) (declining to find waiver of official information privilege based solely on untimeliness of submission of supporting affidavit).

Accordingly, within thirty (30) days of this order, defendants shall file supplemental materials to properly assert the official information privilege and respond to the five RFPs that the court construes as the proper subjects of plaintiff's renewed motion to compel. Plaintiff may file an optional reply to defendants' supplemental materials not more than fourteen (14) days after service of the supplemental materials. The court will then rule on the merits of plaintiff's motion and issue other orders as necessary.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed motion to compel (ECF No. 48) is granted in part as follows:

1. The court construes plaintiff's motion as properly seeking an order compelling production of the five RFPs raised in plaintiff's motion to confer (ECF No. 46).

2. Within thirty (30) days of this order, defendants shall file supplemental materials to properly assert the official information privilege and respond to the five RFPs that the court construes as the proper subjects of plaintiff's renewed motion to compel.

3. Plaintiff may file an optional reply to defendants' supplemental materials not more than fourteen (14) days after service of the supplemental materials.

4. The court will rule on the merits of plaintiff's motion to compel upon submission of the above materials.

DATED: June 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE