UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES, | No. 2:22-cv-01707 DC SCR P |
| Plaintiff, | |
| v. | ORDER |
| B. BROWNEN, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. On June 6, 2025, the undersigned granted plaintiff's motion to compel in part and granted defendants leave to file supplemental material to properly assert the official information privilege ("OIP"). (ECF No. 50.) For the reasons explained below, the undersigned finds defendants have met the showing required to trigger the OIP. Defendants are to electronically submit the documents to the court for in camera review within 14 days. In addition, plaintiff's motion to strike (ECF No. 57) is denied and his motion to compel (ECF No. 41) is denied as to requests for production Nos. 2 and 5 only.

**PROCEDURAL BACKGROUND**

**I.     Screening**

This action is proceeding on plaintiff's complaint, which the previously assigned magistrate judge determined stated a cognizable First Amendment retaliation claim against

1

defendant Brownen and a cognizable Fourteenth Amendment procedural due process claim against defendant Rangel, both officials at Mule Creek State Prison ("MCSP"). (ECF No. 11.) After defendants answered (ECF No. 32), the undersigned issued a discovery and scheduling order. (ECF No. 33.) After several extensions of time (ECF No. 40), the period for conducting discovery ended in January 2025.

## II.    Plaintiff's Motion to Compel

### A. Plaintiff's Initial and Renewed Motions

On January 21, 2025, plaintiff moved to compel responses to a single request for production ("RFP") concerning past allegations of misconduct and abuse of authority by defendants.[1] (ECF No. 41.) On March 18, 2025, after considering defendants' opposition (ECF No. 42), the undersigned denied the motion to compel without prejudice as untimely and procedurally noncompliant. (ECF No. 45.) The undersigned granted plaintiff leave to file an amended motion to compel and correct the deficiencies as laid out in the order. (Id.)

Plaintiff filed his renewed motion to compel on April 24, 2025, seeking production of five RFPs that he alleged "narrowed" down his original RFP:

1. Any and all grievances, staff complaints which involve retaliation of Incarcerated Persons by Defendant, B. Brownen;

2. Any and all grievances, staff complaints which involve abuse of authority involving Incarcerated Persons by Defendant B. Brownen;

3. Any and all allegations of issuing false rule violation reports [RVRs] to Incarcerate [sic] Persons;

4. Any and all grievances, staff complaints which involve allegations of due process violations during rule violation hearings by Defendant, Rangel, such as but not limited to refusals to call witnesses, refusals to question witnesses, and refusals to allow Incarcerated Persons the right to present evidence in their behalf; and

5. Any civil litigation file [sic] in any state or federal court regarding any of the above requested information by Incarcerated Persons which involved Defendants, B. Brownen, or Rangel.

(ECF No. 48 at 2.)[2] Defendants challenged the RFPs as untimely, but requested leave to assert

---

[1] The undersigned subsequently granted defendants' motion to stay the dispositive motion deadline pending resolution of plaintiff's motion to compel. (ECF No. 44.)
[2] Plaintiff originally filed the five RFPs in a separate "motion to confer." (ECF No. 46.) The undersigned denied that motion and directed plaintiff to contact defense counsel to arrange a meet

2

the OIP should the undersigned reject their procedural objections. (ECF No. 49.)

In an effort to resolve plaintiff's motion to compel on its merits, the undersigned granted the motion to compel in part on June 6, 2025, and gave defendants leave to "file supplemental materials to properly assert the [OIP] and respond to the five RFPs that the court construes as the proper subjects of plaintiff's renewed motion to compel." (ECF No. 50 at 7.) The order also granted plaintiff the right to file an optional reply to defendants' supplemental materials. (Id. at 7.) Defendants filed a notice of substitution of counsel (ECF No. 51) shortly after, and the undersigned granted defendants an extension of time to "file supplemental materials to properly assert the [OIP] and respond to Plaintiff's five requests for production of documents on or before July 21, 2025." (ECF No. 53.)

### B. Defendants' Supplemental Materials

On July 21, 2025, defendants filed the declaration of MCSP Litigation Coordinator B. Ebert (hereinafter "Ebert Decl.," ECF No. 54) in support of their invocation of the OIP. Having collected and reviewed the potentially responsive materials, Ebert maintained that plaintiff's request for grievances by other inmates and related investigative documents (RFPs 1, 2, and 4) are confidential and protected from disclosure under three state regulatory provisions: (1) Cal. Code Regs., tit. 15, § 3261.2, which prohibits disclosure of other inmates' grievances absent valid written authorization; (2) Cal. Code Regs., tit. 15, § 3370(b), which states in relevant part that "no inmate . . . shall have access to another's case records file"; and (3) Cal. Code Regs., tit. § 3450(b), which prohibits inmates from possessing any CDCR record that contains confidential information. (Ebert Decl. ¶¶ 5-6, ECF No. 54 at 2-3.)

Regarding plaintiff's request for staff complaints, Ebert asserted that allegations of staff-misconduct are confidential per Cal. Code Regs., tit. 15, § 3450(b)-(c) and contain personal and confidential information about both custody staff and inmates. (Ebert Decl. ¶ 7, ECF No. 54 at 3.) Documents prepared during staff complaint investigations are "highly sensitive" and kept confidential per Cal. Code Regs., tit. 15, § 3486.2(b). (Id. ¶ 8.) Ebert added that these documents

---

and confer. (ECF No. 47.)

implicate the third-party privacy interests of staff and inmate witnesses who may suffer physical retaliation if their statements are not kept confidential. (Id.) Disclosure also prevents inmate-witnesses from providing information for fear of being identified. (Id. ¶ 9.)

In addition to raising privacy concerns, Ebert stated that disclosure of inmate witnesses and sensitive information such as mental health and medical diagnoses, gender identification, and PREA incidents, would create security and serious safety concerns. (Ebert Decl. ¶ 10, ECF No. 54 at 4.) Disclosure of staff personnel files creates the risk that the information could be used against the officer and adversely impact staff morale, hiring, and retention. (Id. ¶ 11.) The release of the requested documents to plaintiff, even with a protective order, would have "potentially catastrophic results." It is unlikely plaintiff will be deterred from sharing the information by threat of contempt or monetary sanctions, and inmates have limited control over their movement and property. (Id. ¶¶ 13-14.) Allowing plaintiff to review the documents under supervision of CDCR staff would not eliminate the substantial risks of disclosure because confidential information, including the identity and location of inmate complainants, could still be revealed by the context of their statements or by the description of the events. (Id. ¶ 15.)

Finally, Ebert states that if disclosure is ordered, at a minimum the names and identifying information of third-party inmates and witnesses should be redacted to protect their privacy interests and the integrity of CDCR's investigative process. (Ebert Decl. ¶ 16, ECF No. 54 at 6.) The confidential documents should not be provided directly to plaintiff to retain in his possession. Rather a protective order should provide for a secure copy of redacted portions of the confidential documents for plaintiff to review under the supervision of CDCR staff. (Id.)

**C. Plaintiff's Reply**

On August 15, 2025, plaintiff filed an "opposition" to Ebert's declaration, which the undersigned construes as his optional reply to defendants' supplemental materials. (ECF No. 55.) Plaintiff asks the court to reject defendants' claim to the OIP and release the documents as requested. He argues that Ebert's declaration relies solely on state laws that are not controlling in federal court. (Id. at 2-3.) Plaintiff further maintains that the Ebert declaration is based on "generic objections" and does not address any specific document: "The Defendant's [sic] do not

1  contend that any specific document threatens the safety and security of the institution, staff or
2  inmates based on its content. Instead, Defendant's [sic] simply rely on the declaration of B. Ebert
3  for the proposition that disclosure of any withhel[d] documents would endanger the safety and
4  inmates." (Id.) Plaintiff explains that he seeks grievances and staff complaints to establish a
5  pattern of misconduct by defendants, which is necessary to prove punitive damages. (Id. at 4.)
6  He also challenges defendants' objections to his RFPs as boilerplate and lacking in legal support.[3]
7  (Id. at 3.)

**D.  Defendants' Response and Plaintiff's Motion to Strike**

On September 5, 2025, defendants filed an opposition to plaintiff's reply. (ECF No. 56.) Defendants construe plaintiff's reply as a motion to compel and argue that it improperly asks the court to compel further responses to his five RFPs. (Id. at 1.) The opposition reproduces defendants' objections to plaintiff's five RFPs (id. at 2-5) that they served on plaintiff on July 21, 2025. (Declaration of Carolyn G. Widman ("Widman Decl.") ¶3, ECF No. 56-1 at 2.) Defendants also filed a privilege log identifying ten staff complaints and supporting documents responsive to plaintiff's RFPs 1, 3, and 4. (Widman Decl., Exh. A, ECF No 56-1 at 12-14.)

On September 29, 2025, plaintiff filed a motion to strike defendants' opposition. (ECF No. 57.) Plaintiff argues that defendants' filing violates Local Rule 230(*l*) and the court's order dated June 6, 2025, which only granted defendants leave to file supplemental materials and plaintiff leave to file a reply. (Id. at 1.)

**DISCUSSION**

**I.  Plaintiff's Motion to Strike**

Before addressing defendants' assertion of the OIP, the undersigned will consider plaintiff's motion to strike defendants' opposition to his reply. (ECF No. 57.) The undersigned agrees that neither Local Rule 230(*l*) nor the court's order dated June 6, 2025, authorized defendants to respond to plaintiff's reply.[4] Defendants' explanation that they interpreted

---

[3] Plaintiff, however, did not reproduce those objections, and at that point defendants had not filed specific objections on the Docket.
[4] See also Local Rule 230(m) ("After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval" except an "Objection to Reply Evidence" or

5

plaintiff's filing as another motion to compel is somewhat puzzling considering the undersigned granted plaintiff leave to file a reply to defendants' OIP materials.

However, defendants' opposition included, for the first time, the privilege log required to invoke the OIP. See Garces v. Pickett, No. 2:17-cv-0319 JAM AC P, 2021 WL 978540, at *5 n.2 (E.D. Cal. Mar. 16, 2021) ("[A]ssertion of the [OIP] requires submission of a privilege log" in addition to a declaration.) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii)). It also contained the specific objections to plaintiff's five RFPs that plaintiff addressed in his reply. Therefore, while filed untimely, these materials are essential to analyzing defendants' assertion of the OIP. The privilege log is particularly critical because the Ebert Declaration does not identify the type or volume of responsive documents at issue. Therefore, solely to ensure the proper resolution of plaintiff's motion to compel without further delay, the undersigned will deny plaintiff's motion to strike and consider the privilege log in addressing the OIP. Defendants are advised that going forward, briefing in this action must comply with the Local Rules and this court's orders.

## II.   OIP

### A.  Legal Standard

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted). Government personnel files and internal investigatory documents are considered official information. See Sanchez, 936 F.2d at 1033-34; Miller v. Pancucci, 141 F.R.D. 292, 301 (C.D. Cal. 1992). The official information privilege is subject to the competing interests of the requesting party and is "subject to disclosure especially where protective measures are taken." Noble v. City of Fresno, No. 1:16-cv-1690 DAD BAM, 2017 WL 5665850, at *4 (E.D. Cal. Nov. 27, 2017) (quotation omitted). In the context of civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'" Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)) (alteration in original).

This court's duty to balance the parties' interests in disclosure is triggered when the party

---

a "Notice of Supplemental Authority.").

1 opposing disclosure makes a "substantial threshold showing." Soto v. City of Concord, 162

2 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 669). That opposing party must

3 furnish a declaration or affidavit at the time it files and serves its responses to the discovery

4 requests from a responsible official with personal knowledge of the matters to be attested to in the

5 affidavit. Id.; Kelly, 114 F.R.D. at 669; see also Stevenson v. Blake, No. 11-103 LAB WVG,

6 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012) (same).

7    The declaration must include: "(1) an affirmation that the agency generated or collected

8 the material in issue and has maintained its confidentiality"; "(2) a statement that the official has

9 personally reviewed the material in question"; "(3) a specific identification of the governmental

10 or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his

11 lawyer"; "(4) a description of how disclosure subject to a carefully crafted protective order would

12 create a substantial risk of harm to significant governmental or privacy interests"; and "(5) a

13 projection of how much harm would be done to these interests if disclosure were made." Soto,

14 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670). "A strong affidavit would also describe how

15 the plaintiff could acquire information of equivalent value from other sources without undue

16 economic burden." Id.

17    "If the withholding party does not meet this initial burden, the court will order disclosure

18 of the documents; if the party meets this burden, the court generally conducts an *in camera*

19 review of the material and balances each party's interests." Davis v. Schneider, No. 2:18-cv-

20 01910 VBF MAA, 2020 WL 9074713, at *7 (C.D. Cal. Dec. 18, 2020) (citing Soto, 162 F.R.D. at

21 613; Kelly, 114 F.R.D. at 671). However, before a court orders in camera review, the plaintiff

22 must prove: (1) how the requested information is relevant to the litigation or is reasonably

23 calculated to lead to the discovery of admissible evidence; (2) the interest that would be harmed if

24 the material were not disclosed; and (3) how that harm would occur and how extensive it would

25 be. Dickson v. Gomez, No. 1:17-cv-0294 ADA BAM P, 2023 WL 6213624, at *4 (citing Kelly,

26 114 F.R.D. at 670-71).

27 ////

28 ////

**B. Analysis**

Viewing the Ebert Declaration together with the subsequently filed privilege log, the undersigned finds that defendants have met the "substantial threshold showing" required to invoke the OIP. Kelly, 114 F.R.D. at 669. The privilege log lists ten staff complaints and their supporting investigative documents, including records such as RVRs, Incident Reports, Disciplinary Hearing Records, and Confidential Supervisorial Reviews. Ebert asserts that the disclosure of such documents would implicate third-party staff and inmate privacy rights and potentially reveal mental health records and other sensitive information. Ebert further maintains that disclosure would place those individuals at risk of physical retaliation and prevent inmate witnesses from providing information for fear of being identified. Accordingly, defendants have properly asserted the OIP.

The undersigned next considers whether plaintiff has met his burden. At issue are RFPs 1, 3, and 4, which sought documents relating to staff complaints against defendants involving allegations of retaliation, false RVRs, or due process violations during RVR hearings, respectively. As these allegations mirror plaintiff's § 1983 claims, the undersigned finds plaintiff has demonstrated the RFPs' relevance. See Whitely v. CDCR, No. CV 18-1103 RGK (AGR), 2021 WL 840067, at *2 (C.D. Cal. Jan. 29, 2021) ("Courts generally order production of complaints that involve allegations of similar incidents or allegations[.]"); Miller, 141 F.R.D. at 296-97 (permitting discovery of complaints against defendants involving similar incidents). Moreover, given "the strong public interest in uncovering civil rights violations," Soto, 162 F.R.D. at 617, plaintiff is likely to suffer harm if disclosure is denied without in camera review.

Accordingly, the undersigned will review of the ten staff complaints to determine whether a carefully crafted protective order could protect the security interests discussed in the Ebert declaration. Defendants are ordered to electronically submit the documents to the court for in camera review. After reviewing the documents, the court will issue a final order regarding plaintiff's access to these documents. The court will also consider the third-party privacy concerns raised in the Ebert Declaration and defendants' subsequent filing (ECF No. 56).

Finally, to prevent any further loose ends in this discovery dispute, the undersigned makes

the following rulings. Plaintiff's RFP 2 seeking complaints against defendants for "abuse of authority" is denied as vague and overbroad. Even if the undersigned were to narrow RFP 2 to documents concerning similar acts of misconduct involving defendants (i.e., retaliation, false RVRs, or RVR hearing due process violations), the result would be duplicative of RFPs 1, 3, and 4. See Finjan, Inc. v. Juniper Network, Inc., No. 17-cv-5659 WHA TSH, 2019 WL 2865942, at *3 (N.D. Cal. July 3, 2019) (declining to narrow overbroad RFPs that would just duplicate other RFPs). In addition, plaintiff's RFP seeking "civil litigation files" is denied because such information "is a matter of public record available to Plaintiff." See Healy v. Yasmeen, No. 2:19-cv-2052 WBS DMC P, 2021 WL 4462758, at *3 (E.D. Cal. Sept. 29, 2021).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 57) is DENIED.

2. Plaintiff's motion to compel (ECF No. 41) is further GRANTED IN PART and DENIED IN PART as follows:

   a. As to RFP 1, 3, and 4, defendants shall electronically submit to the court the responsive documents over which defendants claim the OIP applies (see ECF No. 56-1 at 12-14) for in camera review within 14 days of this order.

   b. Plaintiff's motion to compel is DENIED as to RFPs 2 and 5.

3. Discovery remains closed. The parties are not to file any further discovery motions. The court will set a dispositive motion deadline by separate order in due course.

DATED: November 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE