UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL JONES,

          Plaintiff,

   v.

B. BROWNEN, et al.,

          Defendants.

No.  2:22-cv-01707 DC SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  The parties are in a discovery dispute regarding plaintiff's access to ten staff complaints that are responsive to his requests for production ("RFPs") Nos. 1, 3, and 4.  The RFPs sought grievances against defendants by other incarcerated persons involving incidents akin to the retaliation and due process claims in plaintiff's complaint.

The undersigned detailed the circuitous history of the parties' dispute at length in the order dated November 4, 2025, see ECF No. 58 at 2-5, and will not repeat it here.  In that order, the undersigned determined that defendants' materials, which included the declaration of California Medical Facility ("CMF") Litigation Coordinator B. Ebert ("Ebert Decl."), were sufficient to invoke the official information privilege ("OIP") and directed defendants to electronically submit the documents for in camera review.  ECF No. 58 at 8.  Defendants electronically submitted the documents on November 18, 2025.  ECF No. 59.

1

**DISCUSSION**

Defendants' electronic submission consisted of investigative files pertaining to the following ten staff complaints that were responsive to plaintiff's RFPs Nos. 1, 3, and 4:

|   | Log Number | Bates Range[1] |
|---|------------|----------------|
| 1 | 82439 | AGOPRIV00001-00014 |
| 2 | 109764 | AGOPRIV000015-00026 |
| 3 | 30385 | AGOPRIV000027-00070 |
| 4 | 149087 | AGOPRIV000071-00091 |
| 5 | 132323 | AGOPRIV000092-000131 |
| 6 | 342632 | AGOPRIV0000132-000153 |
| 7 | 344610 | AGOPRIV0000154-000174 |
| 8 | 531340 | AGOPRIV0000175-000204 |
| 9 | 219287 | AGOPRIV0000205-000248 |
| 10 | 163610 | AGOPRIV0000249-000261 |

See Notice of Submission of Documents, ECF 59.  Defendants claim the "third-party inmate privilege" and the OIP for each of the ten staff complaints.  See Ebert Decl., ECF No. 54; Privilege Log, ECF No. 56-1 at 12-14.  The undersigned will address privilege each in turn.

## I.   Third-Party Privacy

The Ninth Circuit recognizes a constitutionally protected privacy interest in avoiding disclosure of private personal matters, including medical records.  See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998).  "The right of privacy is not an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right."  Harris v. Kyle, No. 1:19-cv-0462 DAD EPG PC, 2021 WL 195477, at *2 (E.D. Cal. Jan. 20, 2021) (citing Allen v. Woodford, No. CV-F-05-1104 OW LJO, 2007 WL 309485, at *5 (E.D. Cal. Jan. 30, 2007)); see also Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of the privacy objection requires a balancing of the need for the information sought against the privacy right asserted.").

Third-party privacy interests outweigh disclosure of the documents pertaining to **Log No. 531340**.  The documents consist primarily of clinician notes and other sensitive information regarding the complainant's mental health diagnoses and treatment.  As such, it is not possible to

---

[1]  The parties are advised that the ranges do not align with those in the privilege log.  The privilege log misidentified the correct ranges for Log Nos. 344610, 531340, 219287.

redact without rendering the documents meaningless. Comparatively, the documents are of little relevance to plaintiff's claims. Although the underlying 602 grievance named defendant Rangel, the allegations are fantastical and unlike the type of due process challenge plaintiff brought against Rangel in his complaint.

Third-party privacy interests also require the redaction of the "mental health assessment" portion of the RVR contained in **Log No. 30385** at AGOPRIV000047-00049. Redaction of this three-page segment is a sufficient protective measure because the mental health assessment is easily severable from the rest of the file. Unlike the documents in Log No. 531340 discussed above, the complainant's mental health information is not central to the staff-misconduct investigation.

Defendants may also withhold the entirety of **Log No. 149087** on relevance grounds. The complainant's allegations that defendant Brownen was unprofessional and used profanity fall outside of the scope of plaintiff's retaliation claim premised on Brownen's issuance of an allegedly false RVR. Courts generally will not order the production of complaints that involve allegations of dissimilar incidents. See Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (sustaining objection to requests for complaints that fell outside the scope of plaintiff's excessive force claims); Bartolome v. City & Cnty. of Honolulu, No. CIV. 06-0176 SOM LEK, 2008 WL 2736016, at *13 (D. Haw. July 14, 2008) (finding complaints of rudeness not relevant to plaintiff's allegations of excessive force).

**II.    Official Information Privilege**

The undersigned will next consider defendants' assertion of the OIP. "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted). Government personnel files and internal investigatory documents are considered official information. See Sanchez, 936 F.2d at 1033-34; Miller, 141 F.R.D. at 301. The official information privilege is subject to the competing interests of the requesting party and is "subject to disclosure especially where protective measures are taken." Noble v. City of Fresno, No. 1:16-cv-1690 DAD BAM, 2017 WL 5665850, at *4 (E.D. Cal. Nov. 27, 2017) (quoting Kerr v. United States District Court, Northern District of California,

511 F.2d 192, 198 (9th Cir. 1975)).  In the context of a civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'"  Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (alteration in original).

As noted above, the undersigned previously determined that the Ebert Declaration provided the necessary foundation to trigger this OIP analysis.  Ebert maintained that the requested staff complaints and related investigative documents are highly sensitive, confidential, and protected from disclosure under several provisions of the Title 15 regulations.  Ebert Decl. ¶¶5-8, ECF No. 54 at 2-3.  Ebert added that staff and inmate witnesses may suffer retaliation if their statements are not kept confidential, and that disclosure will prevent witnesses from coming forward for fear of being identified.  Id. at ¶¶ 8-9.  Ebert also expressed that disclosure of staff personnel files would create security and safety concerns, and the release of documents to plaintiff's person specifically would have "potentially catastrophic results."  Id. ¶ 11, 13-14.

While these general concerns are well taken, Ebert did not explain why these specific complaint files pose safety and security concerns.[2]  Nevertheless, the undersigned has attempted to carefully balance the interests involved in determining the scope of disclosure.  Ultimately, the undersigned did not encounter the type of sensitive information that would overcome the policy favoring disclosure in civil rights actions.  The portions of the files marked "confidential" contain investigation summaries that merely recount interviews with complainants, witnesses, and accused staff.[3]  None of these summaries contain the type of tactical information that other judges have ordered withheld pursuant to the OIP.  See, e.g., Ibanez v. Miller, No. CIV S-06-

[2]  Defendants' objections to plaintiff's RFPs similarly lack specifics as to the alleged danger and present circular justifications that are unhelpful to the OIP analysis.  For example, defendants' response to RFPs Nos. 1, 3, and 4 state that the personnel files are subject to the OIP because they are confidential per Cal. Code Regs., tit. 15, § 3321(a)(1)-(2).  See ECF No. 56-1 at 5, 8-9.  But § 3321(a)(1)-(2) states only that confidential information includes: "(1) Information which, if known to the incarcerated person, would endanger the safety of any person; and (2) Information which would jeopardize the security of the institution."

[3]  The three staff complaints investigated by the Office of Internal Affairs and Management Services ("AIMS") (Logs Nos. 13223, 342632, and 344610) contain confidential "Inquiry Report Summaries," whereas the remaining complaints investigated at the facility-level contain similar confidential summaries called "Fact Gathering Reports."

4

2668 JAM EFB P, 2009 WL 3481679 (E.D. Cal. Oct. 22, 2009) (sustaining OIP objection to disclosure of a prison operational procedure regarding tactical responses to disturbances and other prison alarms).  Overall, none of the ten complaints resulted in discipline against either defendant.

Therefore, the undersigned will order that the remaining eight complaint files be disclosed to plaintiff.  In addition to the partial redaction of **Log No. 30385** discussed above, the redaction of the names of complainants, witnesses, and other involved incarcerated persons is an adequate protective measure for defendants' concerns regarding third-party inmate privacy.  Other judges of this district have found redactions appropriate against similar invocations of the OIP.  See, e.g., Wells v. Gonzales, No. 1:17-cv-1240 DAD EPG PC, 2019 WL 4054022, at *8 (E.D. Cal. Aug. 28, 2019) (holding defendants may redact names of complaining inmates and any other persons besides defendant from grievances to protect third-party privacy interests); Harris v. German, No. 1:15-cv-1462 DAD GSA PC, 2019 WL 4640503, at *8 (E.D. Cal. Sept. 24, 2019) (permitting defendants to redact identifying information of grievance witnesses).

The undersigned has also thoroughly considered Ebert's request that plaintiff not be given possession of the documents and that the court instead permit plaintiff to review "a secure copy of redacted portions of the confidential documents. . . under the supervision of CDCR staff."  See Ebert Decl. ¶¶ 14-16, ECF No. 54 at 5-6.  The undersigned is persuaded by Ebert's concerns regarding frequent inmate movement and the possibility that third-party identities may be gleaned from statements or descriptions of events, and as a result will grant defendants' request that plaintiff not be given possession of the complaint files.  However, given the overall volume of responsive documents, plaintiff must be permitted multiple opportunities to review the documents as set forth below.

Finally, with this order, all disputes stemming from plaintiff's original motion to compel (ECF No. 41) have been resolved.  Therefore, the undersigned will lift the stay of the dispositive motion deadline, see ECF No. 44, and set a new deadline below.  Discovery remains closed and the parties are not to file any further motions to compel.  Plaintiff may move to enforce this order should he be denied access to the records in a manner inconsistent with directions and timeline below.  See United States v. W.R. Grace, 526 F.3d 499, 516 (9th Cir. 2008) (district courts have

inherent to enforce valid pretrial discovery orders).

**CONCLUSION**

Accordingly, following in camera review of the ten staff complaints responsive to plaintiff's RFPs Nos. 1, 3, and 4, IT IS HEREBY ORDERED that:

1. Defendants may withhold:

   a. All documents pertaining to staff complaint **Log No. 531340** on third-party privacy grounds; and

   b. All documents pertaining to staff complaint **Log No. 149087** due to their irrelevance.

2. Defendants must redact the "mental health assessment" portion of the RVR contained in **Log No. 30385** at AGOPRIV000047-00049.

3. Defendants must otherwise make the following eight (8) staff complaints available for plaintiff's review: (1) **82439**; (2) **109764**; (3) **30385**; (4) **132323**; (5) **342632**; (6) **344610**; (7) **219287**; and (8) **163610**. In addition to the partial redaction of **Log No. 30385** described above, the files may be redacted to protect the names of complainants, witnesses, and other involved incarcerated persons.

   a. Defendants shall coordinate with the facility where plaintiff incarcerated and schedule a time slot of at least three (3) hours within 21 days of the date of this order for plaintiff to review the documents.

   b. CDCR staff shall retain a copy of the documents described above and provide plaintiff further opportunities to review the documents upon reasonable notice and request by plaintiff during the course of this litigation.

4. The stay of the dispositive motion deadline is lifted. Dispositive motions shall be filed on or before **May 13, 2026.** All other provisions of the discovery and scheduling order (ECF No. 33) shall remain in effect.

DATED: January 13, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE